879 So.2d 10 (2004)
In the Interest of D.D., R.D., Q.H., T.S., and M.W., children.
M.D., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D03-1498.
District Court of Appeal of Florida, Second District.
April 30, 2004.
J.L. "Ray" LeGrande of LeGrande & LeGrande, P.A., Fort Myers, for Appellant.
No appearance for Appellee.
SILBERMAN, Judge.
M.D., the Mother, appeals the order terminating her parental rights to the following four of her five children: D.D., born December 26, 2000; R.D., born July 24, 1999; M.W., born November 15, 1995; and T.S., born September 15, 1989. Because some of the trial court's findings are not supported by any evidence and others are not supported by clear and convincing evidence, we reverse the order terminating *11 the Mother's parental rights and remand for further proceedings.
The Department of Children and Family Services (the Department) filed a petition seeking to terminate the Mother's rights pursuant to section 39.806(1)(c) and (e), Florida Statutes (2002). Following an evidentiary hearing, the trial court entered an order terminating the Mother's parental rights pursuant to section 39.806(1)(e), which states that "[a] petition for termination of parental rights may also be filed when a child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents." The trial court also found, based on the eleven factors contained in section 39.810, that termination was in the manifest best interests of the children. The trial court did not address termination under section 39.806(1)(c).
The Mother contends that reversal of the termination order is required because the trial court failed to make the necessary findings to support termination and because several of the trial court's findings are not supported by clear and convincing evidence. Although the trial court specifically referred to termination under section 39.806(1)(e), the Mother argues that the evidence and the trial court's findings are insufficient to support termination under either section 39.806(1)(c) or (e). The Department affirmatively elected not to file a brief in response.[1]
To support the termination of parental rights, the Department must prove by clear and convincing evidence one of the grounds for termination contained in section 39.806 and that termination is in the manifest best interests of the child pursuant to section 39.810. V.W. v. Dep't of Children & Family Servs. (In re L.B.W.), 863 So.2d 480 (Fla. 2d DCA 2004); T.M. v. Dep't of Children & Families (In re K.M.), 788 So.2d 306 (Fla. 2d DCA 2001); see also § 39.809(1) (requiring that each of the elements necessary for termination be established by clear and convincing evidence). Additionally, the court must determine that termination "is the least restrictive means of protecting the child from serious harm." V.W., 863 So.2d at 483 (quoting Padgett v. Dep't of Health & Rehab. Servs., 577 So.2d 565, 571 (Fla. 1991)).
Although the termination order tracks many of the allegations contained in the Department's petition, several of the trial court's findings are not supported by clear and convincing evidence. For example, the trial court found that the Mother "gave the children non-prescribed medication in order for them to sleep." The Department's petition included that allegation, but the Department failed to present any evidence to support it. Additionally, even though the teenage daughter, T.S., made that allegation to the Department, she did not testify at trial, the Department never verified the allegation, and the Mother denied the allegation at trial. Thus, no evidence supported this finding.
The trial court further found that the Mother "has an anger management problem which limits her ability to properly parent her children," citing to an incident in 1999 which occurred before the Mother successfully completed an anger management program. Even though the record *12 contains some evidence to support this finding, it also contains substantial evidence establishing that the Mother successfully completed her anger management classes, that she is "low risk" for violence and has stress coping abilities, and that she is intelligent and has no psychiatric problems. Based on our review of the record, we conclude that the trial court did not have clear and convincing evidence before it to support its finding.
The trial court also found that the Mother "failed to substantially comply with her Case Plan." Although the petition for termination included this allegation, the testimony of Department witnesses at the termination hearing established that the Mother had completed her case plan. Thus, the evidence contradicts the trial court's finding.
The trial court then found that the Mother "has failed to benefit from the completion of any tasks" required under the case plan. Although a Department counselor testified that the Mother completed the tasks in her case plan, he stated that he did not feel the Mother benefited from them. He based this belief on the fact that the children had been removed from the Mother in May 2002. However, our examination of the record reflects that some of the allegations that led to the removal of the children in May 2002 were not verified by the Department and the other allegations did not provide clear and convincing evidence supporting the trial court's finding that the Mother did not benefit from the case plan tasks.
Next, the trial court made findings, pursuant to section 39.810, that termination of the Mother's parental rights was in the manifest best interests of the children. We agree with the Mother's contention that the trial court did not have clear and convincing evidence to support four of the eleven findings concerning manifest best interests.
Those four findings are as follows: (1) "[t]he biological parents do not have the ability or disposition to provide the necessary food, clothing, medical care, or other material needs of the children," see § 39.810(2); (2) "[t]he biological parents do not have the capacity to care for the children and the children's safety, well[-]being and physical, mental and emotional health would be endangered if the children were returned to the custody of the biological parents," see § 39.810(3); (3) the children's "present and future mental and physical health needs require care by the childrens' [sic] custodian, which the biological parents are not able to provide," see § 39.810(4); and (4) "[t]here are limited emotional ties between the children and the biological mother," see § 39.810(5).
The trial court's findings did not specifically state how the Mother failed to have the ability, disposition, or capacity to care for the children, and based on our review of the record we conclude that the trial court did not have clear and convincing evidence to support these findings. See K.R. v. Dep't of Children & Family Servs. (In re C.V.T.), 843 So.2d 366, 368 (Fla. 2d DCA 2003) (reversing and remanding for further proceedings when termination order contained vague findings regarding neglect and inability to provide for the child when the record was unclear as to what evidence the trial court relied upon to make the findings). We are particularly troubled by the finding that the Mother had "limited emotional ties" with her children. To the contrary, Department witnesses, including a therapist for M.W., a foster parent for M.W., and the guardian ad litem, testified to the strong bond between the Mother and the boys.
*13 Because the trial court's findings described above are not supported by clear and convincing evidence, we reverse the termination of the Mother's parental rights to D.D., R.D., T.S., and M.W. and remand for further proceedings. On remand, the trial court shall determine whether the children's current situation justifies termination, based on clear and convincing evidence, or whether the Department should provide a case plan with a goal of reunification. See J.T. v. Dep't of Children & Family Servs. (In re T.B.), 819 So.2d 270, 273 (Fla. 2d DCA 2002).
Reversed and remanded.
FULMER and COVINGTON, JJ., Concur.
NOTES
[1] We can only speculate whether the Department's decision not to file a brief reflects its belief that (1) the case is a clear affirmance, or (2) the case clearly warranted reversal, but it chose not to file a brief at all rather than to concede error. In either case, the Department's failure to file a brief does not assist this court in its determination of whether reversible error occurred.